ABRAMS v. ALLEN ET AL.

[68 South. 927.]

JUDGMENT. *Pleading. Variance.*

   Where a landlord sued his tenant and a merchant upon an open account for rent of land and supplies furnished by him to his tenant, and the evidence developed that the merchant had nothing to do with the renting of the land or the purchase of supplies, but did buy the product of the leased premises. In such case there was a variance between the pleading and the proof and a judgment against the merchant was erroneous.

APPEAL from the circuit court of Copiah county.

HON. D. M. MILLER, Judge.

Suit by R. Q. Allen and others against D. Abrams and another. From a judgment for plaintiff, Abrams appeals.

The facts are fully stated in the opinion of the court.

*H. J. Wilson,* for appellant.

, This suit was upon contract for the payment of rent and supplies. The most that the proof shows, so far as appellant is concerned, is that he bought potatoes grown upon the leased premises and on which there was a lien to secure to Allen the payment of Newman's rent and account. Abrams never promised, agreed or undertook in any manner to pay the note or the account. It is not even shown what Abrams did with the potatoes. We can surmise that he did use them and convert them to his own use, but this, even, is an assumption not shown by the record. The fact that he brought the potatoes from Newman alone did not render him liable even in tort to Allen; he must have converted them to his own use and thereby destroyed Allen's lien. The proof wholly fails to make out the case against Abrams that was charged in the pleadings. The proof is at fatal variance with the declaration, and the peremptory instruction given by the court for the plaintiff was manifestly erroneous.

The principle of this case is controlled by the theory laid down in the case of *Chism Brothers* v. *Annie A. Alcorn,* 71 Miss. 506. In this case the proof showed that Bush, the tenant of Mrs. Alcorn purchased goods to the amount of three hundred dollars from Chism Brothers. That Mrs. Alcorn waived her lien in their favor with the agreement that the proceeds of Bush's crop should be applied to the payment of his debt to Chism Brothers. Part of the crop was so applied, but a considerable portion was taken by Mrs. Alcorn and

appropriated to the payment of the debts owed to her by Bush. Chism Brothers sued Bush and Mrs. Alcorn jointly for the balance on the account due by Bush to them. It was shown that Mrs. Alcorn never promised or agreed to pay their account. The court held that while Mrs. Alcorn might have been held liable on a breach of a contract to apply the crop, yet, Chism Brothers could not recover from her in the manner in which the suit was brought. In the instant case appellant never promised or undertook at any time or in any manner to pay the rent note on account of Newman to Allen. The variance between the suit filed and the proof, is fatal, and this court ought to reverse the case here and dismiss it as to appellant.

Cook, J., delivered the opinion of the court.

Appellees, plaintiffs below, instituted suit against one W. H. Newman and the appellant D. Abrams. The suit was upon open account for rent of land and certain supplies furnished the plaintiff below to his tenant, W. H. Newman. The evidence does not show that Mr. Abrams had anything to do with the renting of the land, or the purchase of the supplies. The evidence does tend to show that Mr. Abrams bought from Newman, the tenant, certain agricultural products produced on the rented land; but there is nothing in the pleadings seeking to recover the value of the agricultural products—the suit was a suit for the rent and supplies. At the close of the evidence, the court directed the jury to find a verdict for plaintiff against the defendant Mr. Abrams.

This was error; the *allegata* and the *probata* did not correspond.

*Reversed and remanded.*